IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID GORDON and SAMAYA GORDON** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 22-2567 |
| | : | |
| **LM GENERAL INSURANCE COMPANY** | : | |

## MEMORANDUM

**KEARNEY, J.**  July 28, 2022

Persons buying car insurance policies and later claiming their insurer acted in bad faith in the handling of their car insurance claim must allege more than broad conclusions. They must allege facts to allow us to find their bad faith claim plausible. They should also timely answer motions and avoid referencing a fiduciary duty between an insurer and insurers when no case law supports their conclusionary references. We today grant the insurer's motion to dismiss an insured couple's bad faith claim against it without prejudice to the insureds timely amending to plead facts consistent with Rule 11. We also strike the insureds' untimely response but have carefully considered their allegations and conclusory arguments. We also strike the insureds' references to an unfounded fiduciary duty owed by an insurer to its insureds under Pennsylvania law.

**I.   Alleged facts**

David Gordon purchased a car insurance policy from LM General Insurance Company.[1] He claims non-party Meghan Hill injured him when she drove her car into his car.[2] Mr. Gordon sought underinsured motorist benefits from LM General.[3] Mr. Gordon claims LM General did not pay benefits allegedly due.[4] Mr. Gordon also claims LM General committed bad faith by "low-balling" him during settlement negotiations regarding his bad faith claim.[5] But Mr. Gordon does

not plead details regarding LM General's claim handling. Mr. Gordon does not plead when he submitted a claim to LM General, how long LM General took to decide the claim, what settlement offers LM General made to the Gordons, or what amount—if any—LM General ultimately paid Mr. Gordon.

Mr. Gordon and his wife, Samaya Gordon, sue LM General for bad faith, breach of contract, and loss of consortium.[6]

## II.   Analysis

LM General moves to dismiss the Gordons' bad faith claim under Federal Rule of Civil Procedure 12(b)(6) and moves to strike the Gordons' allegations LM General owed the Gordons a fiduciary duty under Rule 12(f).[7] The Gordons did not timely respond to LM General's Motion.[8] We consider LM General's Motion unopposed.

We grant LM General's Motion. We may grant LM General's Motion simply because the Gordons did not timely oppose it.[9] But we further find LM General's Motion has merit irrespective of the Gordons' non-opposition.

### A.   We dismiss the Gordons' bad faith claim.

LM General moves to dismiss the Gordons' bad faith claim under Federal Rule of Civil Procedure 12(b)(6).[10] Our Court of Appeals requires us to apply a three-step analysis to a 12(b)(6) motion.[11] "First, we take note of the elements a plaintiff must plead to state a claim."[12] "Next, we identify allegations that are not entitled to the assumption of truth because those allegations are no more than conclusions."[13] Finally, we assume the veracity of well-pleaded allegations and reasonable inferences we may draw from those allegations, "and, construing the allegations and reasonable inferences in a light most favorable to the plaintiff, we determine whether they plausibly give rise to an entitlement to relief."[14]

We dismiss the Gordons' bad faith claim without prejudice. The Gordons do not plead facts plausibly showing LM General committed bad faith.

We first note the elements of the Gordons' bad faith claim. The Pennsylvania General Assembly prohibits insurers from "act[ing] in bad faith toward the insured."[15] "Bad faith on the part of an insurer is any frivolous or unfounded refusal to pay proceeds of a policy."[16] "To recover on a bad faith claim, a claimant is required to show by clear and convincing evidence that: (1) the defendant insurer did not have a reasonable basis for denying the policy benefits; and (2) … the insurer knew or recklessly disregarded its lack of reasonable basis when it denied the claim."[17]

Judges "recognize[] an inherent difficulty in pleading facts regarding the internal claims-processing procedures of insurers."[18] But plaintiffs must at least "allege the limited facts of which they are aware, including but not limited to: the nature of the correspondence with the insurance company; details of how the negotiations, if any, proceeded; and more detailed allegations supporting claims of injury necessitating benefits."[19]

      **1.**      **We disregard most of the Gordons' allegations because they are legal conclusions.**

We next identify allegations not entitled to the presumption of truth. We must "disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements."[20] An allegation is conclusory if it "embodies a legal point."[21] In the bad faith context, allegations are conclusory if they simply allege the insurer did not have "a reasonable basis for denying benefits under the policy" or "knew or recklessly disregarded its lack of a reasonable basis in denying the claim."[22]

We must disregard many of the Gordons' allegations. Boilerplate legal conclusions lacking facts about LM General's bad faith abound in the Complaint. For example, the Gordons claim LM General "low-ball[ed]" the Gordons, "[f]ail[ed] to make any reasonable offer to settle the

3

underinsured motorist claim; [p]rovid[ed] Plaintiff with no explanation or any reason for not making a reasonable offer to settle . . . [f]orc[ed] Plaintiff to arbitrate reasonable claims which Defendant knowingly and recklessly disregarded; and "[a]ct[ed] in a biased self-serving manner in it's [*sic*] claims handling process."[23] The Gordons repeatedly claim LM General acted "reckless[ly]," but provide no facts showing how this is so.[24] The Gordons plead one paragraph including twenty sub-paragraphs in their bad faith claim—but each sub-paragraph constitutes a boilerplate legal conclusion lacking specific factual allegations.[25] The Gordons simply plead types of ways an insurer might commit bad faith without pleading how *this* insurer committed bad faith. Our colleagues overwhelmingly disregard conclusory bad faith allegations like the Gordons' allegations.[26] We follow suit and disregard these allegations as legal conclusions.

### 2. The few facts the Gordons plead do not plausibly give rise to relief.

Buried in a conclusory morass, the Gordons plead one sentence arguably providing a fact about LM General's bad faith: LM General "[r]epeatedly and needlessly dragg[ed] out the process by requesting volumes of documents, forcing Plaintiff to undergo multiple Statements Under Oath and other dilatory tactics."[27] Unlike the Gordons' other allegations, this allegation provides specifics about how LM General handled the Gordons' claim.

But this lone allegation does not plead a bad faith claim. "Delay is a relevant factor in determining whether bad faith has occurred,"[28] but "[a]n insurer's delay in settling a claim 'does not, on its own, necessarily constitute bad faith.'"[29] Delay is relevant only if the plaintiff pleads facts showing the insurer's delay "did not have a reasonable basis."[30] "[I]f delay is attributable to the need to investigate further or even to simple negligence, no bad faith has occurred."[31] A "mere allegation that Plaintiffs provided documentation and Defendant has failed to make a reasonable settlement offer . . . does not support an inference of bad faith without additional factual support

such as the complexity of the claim and the time [which] passed between the date Plaintiffs supplied the necessary information and the date the complaint was filed."[32]

We dismiss the Gordons' bad faith claim because they provide no "additional factual support" regarding their allegation LM General unreasonably delayed handling their claim. The Gordons plead LM General requested documents and asked Mr. Gordon to sit for statements under oath, but do not plead how this conduct is unreasonable because they plead no facts about their benefits claim. The Gordons do not plead when they submitted a claim to LM General, how long LM General took to decide the claim, what settlement offers LM General made to the Gordons, or what amount—if any—LM General ultimately paid to settle the claim. The Gordons do not plead the basic fact of "the amount of months the insurer delayed" in responding to their claim.[33] We cannot infer bad faith simply because LM General requested documents and asked Mr. Gordon to sit for statements under oath. The Gordons' sparse facts do not make out a bad faith claim.

We dismiss the Gordons' bad faith claim without prejudice to the Gordons pleading sufficient facts to establish a bad faith claim.

> **B.     We strike the Complaint's references to LM General owing the Gordons a fiduciary duty.**

LM General asks us to strike the Gordons' allegations of LM General owing them a fiduciary duty. We grant the motion because LM General does not owe the Gordons a fiduciary duty as a matter of law. The fiduciary duty claims are immaterial.

We "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[34] "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters."[35]

It is "well-established" an insurer does not owe its insured a fiduciary duty "in the context of [] underinsured/uninsured motorist benefits."[36] We strike references to "fiduciary duty" in a

5

Complaint where, like here, the plaintiff alleges a first-party claim for underinsured motorist benefits.[37] We identify no reason the immaterial references to LM General's fiduciary duty should proceed into discovery. We strike all such references.

### III.   Conclusion

A husband and wife sue their insurer for bad faith and plead the insurer owed them a fiduciary duty. We dismiss the bad faith claim without prejudice because the husband and wife do not plead facts showing the insurer's bad faith. We also strike their references to an insurer's fiduciary duty because the insurer does not owe the husband and wife a fiduciary duty as a matter of law.

---

[1] ECF Doc. No. 1-2 ¶ 15.

[2] *Id.* ¶¶ 7–11.

[3] *Id.* ¶ 15.

[4] *Id.* ¶ 55.

[5] *Id.* ¶ 30.

[6] ECF Doc. No. 1-2.

[7] ECF Doc. No. 5.

[8] The Gordons filed a Response five days late. ECF Doc. No. 7. The Gordons in the Response offered no meaningful opposition to LM General's Motion. They merely restated allegations without arguing how those allegations meet the legal standard to plead a bad faith claim, citing

outdated, out-of-Circuit caselaw about notice pleading. *See, e.g., id.* at 14–15 (citing *Maez v. Mountain States Tel. & Tel., Inc.*, 54 F.3d 1488, 1490 (10th Cir. 1995)). They also did not establish how LM General owes the Gordons a fiduciary duty in the context of an underinsured motorist claim.

[9] *See* E.D. Pa. L.R. 7.1(c) ("In the absence of timely response, [a] motion may be granted an uncontested."); *see also Hollister v. U.S. Postal Serv.*, 142 F. App'x 576, 577 (3d Cir. 2005) (affirming district court granting a motion to dismiss because the plaintiff did not oppose the motion).

[10] A complaint must state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is to test the sufficiency of the factual allegations in a complaint. *Sanders v. United States*, 790 F. App'x 424, 426 (3d Cir. 2019). If a plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face," the court should dismiss the complaint. *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Kajla v. U.S. Bank Nat'l Ass'n as Tr. for Credit Suisse First Boston MBS ARMT 2005-8*, 806 F. App'x 101, 104 n.5 (3d Cir. 2020) (quoting *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer and Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While "[t]he plausibility standard is not akin to a 'probability requirement,'" it does require the pleading show "more than a sheer possibility … a defendant has acted unlawfully." *Riboldi v. Warren Cnty. Dep't of Human Servs. Div. of Temp. Assistance & Soc. Servs.*, 781 F. App'x 44, 46 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). "A pleading that merely 'tenders naked assertion[s] devoid of further factual enhancement' is insufficient." *Id.* (quoting *Iqbal*, 556 U.S. at 668). In determining whether to grant a Rule 12(b)(6) motion, "we accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff" but "disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Robert W. Mauthe, M.D., P.C. v. Spreemo, Inc.*, 806 F. App'x 151, 152 (3d Cir. 2020) (quoting *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878–79 (3d Cir. 2018)).

[11] *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021).

[12] *Id.* (cleaned up).

[13] *Id.* (cleaned up).

[14] *Id.* (cleaned up).

[15] 42 Pa. C.S.A. § 8371.

[16] *Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167, 179 (3d Cir. 2011) (cleaned up).

[17] *Camp v. N.J. Mfrs. Ins. Co.*, No. 16-1087, 2016 WL 3181743, at *4 (E.D. Pa. June 8, 2016) (citing *Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 225 (3d Cir. 2000)).

---

[18] *Rickell v. USAA Cas. Ins. Co.*, No. 18-1279, 2018 WL 5809865, at *4 (M.D. Pa. Nov. 6, 2018).

[19] *Id.* (internal quotations omitted).

[20] *Oakwood Lab'ys*, 999 F.3d at 904 (internal quotations omitted).

[21] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016).

[22] *Allen v. State Farm Mut. Auto. Ins. Co.*, No. 14-7367, 2015 WL 1072968, at *3 (E.D. Pa. Mar. 12, 2015) (quoting *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 522 (3d Cir. 2012)).

[23] ECF Doc. No. 1-2 ¶ 30.

[24] *See, e.g., id.* ¶¶ 31–33.

[25] *Id.* ¶ 36 ("The conduct of Defendant included, but is not limited to the following:

> a. Negligently, recklessly, carelessly and wantonly failing to negotiate in good faith to settle with its insured;
> b. Failing to give equal consideration to paying the claim as to not paying the claim;
> c. Asserting policy defenses without any reasonable basis in fact;
> d. Compelling Plaintiff to institute litigation to obtain policy benefits that Defendant should have paid promptly and without the necessity of litigation;
> e. Dilatory and abusive claims handling;
> f. Unreasonably evaluating Plaintiff's claims and failing to fairly negotiate the amount of the claim with Plaintiff's or his representatives;
> g. Placing unduly restrictive and self-serving interpretation of the policy and/or claims forms;
> h. Failing to keep Plaintiff fairly and adequately advised as to the status of the claim;
> i. Failing to advise Plaintiff as to the basis or reasons for which Defendant failed to or refused to pay Plaintiff's benefits under the policy of insurance;
> j. Acting unreasonably and unfairly in response to Plaintiff's claim;
> k. Failing to promptly provide a reasonably factual explanation for the basis of Defendant's actions;
> l. Conducting unfair and unreasonable investigations of Plaintiff's claims;
> m. Knowingly making baseless accusations to "low-ball" Plaintiff's claim;
> n. Failing to act reasonably in making a reasonable offer;
> o. Knowingly and recklessly retaining doctors who act on behalf of insurance companies whose reports are biased, self-serving and disingenuous;
> p. Questioning Plaintiff's credibility without having any factual basis to support same;
> q. Unreasonably and unfairly withholding policy benefits justly due and owing Plaintiff;
> r. Defending this underinsured motorist claim by attacking the good name of its insured without justification;

s. Negligently, recklessly, carelessly, and wantonly ignoring and disregarding its fiduciary duty to Plaintiff as its insured; and

t. Negligently, recklessly, carelessly and wantonly failing to comply with the established law of the Commonwealth of Pennsylvania and the statutes of the Commonwealth of Pennsylvania in a manner in which they conducted their investigation.").

[26] *See, e.g.*, *Camp*, 2016 WL 3181743, at *4–5 (compiling cases and dismissing bad faith claim premised on boilerplate allegations like the Gordons'); *see also, e.g.*, *Dayton v. Auto. Ins. Co. of Hartford, Conn.*, No. 20-1833, 2021 WL 5163221, at *4–5 (M.D. Pa. Nov. 5, 2021); *Rickell*, 2018 WL 5809865, at *5 (M.D. Pa. Nov. 6, 2018); *Allen*, 2015 WL 1072968, at *3 (E.D. Pa. Mar. 12, 2015).

[27] ECF Doc. No. 1-2 ¶ 30(c).

[28] *Kosierowski v. Allstate Ins. Co.*, 51 F. Supp. 2d 583, 588 (E.D. Pa. 1999), *aff'd*, 234 F.3d 1265 (3d Cir. 2000).

[29] *Great Lakes Reinsurance (UK) PLC v. Stephens Garden Creations, Inc.*, 119 F. Supp. 3d 297, 306 (E.D. Pa. 2015) (quoting *Kosierowski*, 51 F. Supp. 2d at 588 (E.D. Pa. 1999)), *aff'd*, 234 F.3d 1265 (3d Cir. 2000).

[30] *Rosenthal v. Am. States Ins. Co.*, No. 18-01755, 2019 WL 1354141, at *5 (M.D. Pa. Mar. 26, 2019).

[31] *Kosierowski*, 51 F. Supp. 2d at 589.

[32] *Rickell*, 2018 WL 5809865, at *4.

[33] *Id.*

[34] Fed. R. Civ. P. 12(f).

[35] *NN&R, Inc. v. One Beacon Ins. Grp.*, 362 F. Supp. 2d 514, 525 (D.N.J. 2005) (internal quotations omitted).

[36] *Meyers v. Protective Ins. Co.*, No. 16-01821, 2017 WL 386644, at *5 (M.D. Pa. Jan. 27, 2017); *see also, e.g.*, *Pommells v. State Farm Ins.*, No. 18-5143, 2019 WL 2339992, at *4 (E.D. Pa. June 3, 2019); *Bare v. State Auto Grp.*, No. 13-2812, 2013 WL 3878606, at *1 (E.D. Pa. July 26, 2013).

[37] *See Miller v. State Farm Mut. Auto. Ins. Co.*, No. 20-00367, 2020 WL 3265345, at *4 (M.D. Pa. June 17, 2020); *Ream v. Nationwide Prop. & Cas. Ins. Co., NAIC*, No. 19-00768, 2019 WL 4254059, at *6 (W.D. Pa. Sept. 9, 2019); *Meyers*, 2017 WL 386644, at *5.